FILED
SUPERIOR COURT
OF GUAM

2024 MAR -8 PM 4: 28

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0546-20 |
|---|---|
| vs. | |
| BILLY RAY QUINTANILLA,<br>DOB: 06/09/1990 | **DECISION AND ORDER**<br>*Re: People's Motion to Revoke Probation* |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on January 23, 2024, for a revocation hearing upon the People's Motion to Revoke Probation, filed on June 22, 2021. Defendant Billy Ray Quintanilla ("Defendant") was present with counsel Alternate Public Defender Peter Santos. Assistant Attorney General Gloria Rudolph represented the People of Guam.

## BACKGROUND

On January 28, 2021, Defendant entered a guilty plea to the charge of VIOLATION OF A COURT ORDER (As a Misdemeanor), in violation of 9 GCA § 30.40(a)(1). The charge carries a maximum sentence of one (1) year imprisonment and a maximum fine of One Thousand Dollars ($1,000.00). Pursuant to the agreement, Defendant was sentenced to one (1) year incarceration at the Department of Corrections ("DOC"), all but sixty (60) days suspended, with credit for time served, and Defendant was fined One Hundred Dollars ($100.00) plus court

costs. Defendant was further sentenced two (2) years supervised probation with the Adult Probation Services Division ("Probation").

On March 2, 2021, Probation filed a Violation Report, stating that Defendant had failed to report to the Probation Office for intake and processing for his probation conditions. Defendant was released from the DOC on January 28, 2021, and was ordered to report to the Probation Office for intake and processing by January 29, 2021. As of March 2, 2021, Defendant had failed to do so.

On March 9, 2021, the Court issued a Warrant of Arrest. On June 15, 2021, Defendant was arrested by the marshals after attempting to flee. On June 17, 2021, the Court held a hearing on the return of warrant, at which Probation informed the Court that Defendant had three open pre-trial cases, and the People stated their intent to file for revocation within the week.

On June 22, 2021, the People filed the instant Motion, arguing that Defendant was no longer a good candidate for probation because he had failed to obey all laws as required by his probation conditions, and had failed to comply with Probation "approximately thirty times" by failing to report to Probation for intake and processing. Mot., at 2. On July 22, 2021, Defendant filed his opposition, arguing that revocation would not best satisfy the ends of justice and the best interests of the public, that Defendant was "in quarantine due to COVID" in March of 2021, and that "[t]here is still time for [Defendant] to finish all that is required of him, since he is on probation for two (2) years." Opp., at 3.

On September 2, 2021, the Court held a revocation hearing, at which the Court sanctioned Defendant for the violation the time he already served. The Court further ordered Defendant to be released that day, and for him to report to Probation on September 3, 2021, to be drug tested. On December 27, 2021, Probation filed a Second Violation Report, stating that

Defendant had again failed to comply with the terms of his probation, in that he had failed to pay his fines and court costs, failed to perform and complete his community service hours, and failed to report monthly to the Probation Office since September 21, 2021. The Court issued another Warrant of Arrest on January 6, 2022, and Defendant subsequently evaded arrest until September 24, 2023, when he was arrested by the Guam Police Department relative to charges of Family Violence, Assault, and Home Invasion. Defendant was committed to DOC custody until his return of warrant hearing on September 28, 2023. At the hearing. Defendant refused to come to court, and the Court remanded Defendant to DOC custody.

On January 23, 2024, the Court held a revocation hearing with Defendant present, at which the Court heard from both parties and took the matter under advisement.

## DISCUSSION

9 GCA § 80.66, which governs probation revocation proceedings, provides, in relevant part, that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:
>
> (1)    upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest[, and] ...
> (2)    the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(1)-(2). (2023).

Probation revocation is a two-step process. *Guam v. Camacho*, 2009 Guam 6 ¶ 27. First, the trial court must make a factual determination that a violation of a condition of probation

actually has occurred. *Id.* If a violation is proven, then the court must determine if the violation warrants revocation of the probation. *Id.* A defendant's violation of probation warrants revocation where the violation upsets the intent of the probation conditions. *Id.* ¶ 31.

The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation. *Id.*; *People v. Manila*, 2005 Guam 6 ¶ 13. The standard of proof required at a probation revocation hearing is that the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *People v. Angoco*, 1998 Guam 10 ¶ 8. The trial court's decision to revoke probation must be based on credible evidence, but the defendant bears the burden of showing an excuse for the failure to comply with the conditions. *Camacho*, 2009 Guam 6 ¶ 30.

Here, it is uncontested that Defendant violated his probation by failing to obey all laws at least twice and by failing to fulfill some of the most fundamental requirements of his probation. Probation is a favor granted by the state, not a right to which a criminal defendant is entitled. *Camacho*, 2009 Guam 6 ¶ 26. Despite his argument that probation would be in his best interest, Defendant's behavior speaks far more to his disinterest. Defendant failed to report to Probation for the majority of his probationary term. Defendant failed to pay toward his fines or work toward completing his community service hours. Defendant has failed to obey the laws of Guam. Upon the Court's issue of warrant, Defendant attempted to flee arrest in the first instance, and evaded arrest for nearly twenty-two months in the second instance. In light of Defendant's disregard for both the terms of his probation and the orders of this Court, the Court finds that Defendant is no longer a good candidate for probation, and that revocation would best

satisfy the ends of justice and the best interests of the public. Accordingly, the Court sentences Defendant to one (1) year incarceration at DOC, with credit for time served.

**CONCLUSION**

For the reasons set forth above, the People's Motion is **GRANTED**.

**IT IS SO ORDERED**     MAR 0 8 2024     .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**